CHARLES F. WELLS and another, Appellants, *v.* FRANCIS PIERCE, Respondent.

A purchaser, under a foreclosure sale of a *junior* mortgage, cannot recover possession against a party in possession, who is the owner' of the equity of redemption of the prior mortgage, until such equity has been foreclosed and sold; and this, although the defendant is, at the time, barred by the statute of limitations from bringing his suit to redeem.

The defendant, in such case, is in possession, with an outstanding legal title to support his possession; and the plaintiff's remedy must be by foreclosure and sale.

ACTION in the Supreme Court, to recover possession of fifty acres of land, in the town of Brant, in the county of Erie, and damages for withholding the same.

On the trial, at the Erie Circuit, in March, 1860, before Justice MARVIN and a jury, it appeared that one Sweet formerly owned the premises, and was the common source of title. On the 6th of September, 1839, Sweet deeded the premises to Daniel Fuller, and gave him possession, and at the same time took from him a mortgage on the premises, for $315, payable in three equal annual installments from that date, with interest, which was recorded the 9th of September, 1859.

Fuller remained on the premises until 1846, when he delivered possession to John D. Parish, who had become the assignee of the Sweet mortgage.

On the 9th of September, 1852, Parish, being then in possession, mortgaged the premises to Henry J. Newton, for $700, and represented to Newton, at the time, that he owned the premises in fee.

On the 3d of January, 1857, Duane L. Guernsey, having become the assignee of the Newton mortgage, commenced an action against Parish to foreclose it, in which a *lis pendens* was filed on the 10th of January, 1857; judgment of foreclosure and sale was entered on the 8th of May, 1858; under that judgment the premises were sold and conveyed to the plaintiffs in this suit, on the 20th of October, and an order

confirming the report of sale was entered on the 11th of November, 1858.

On the 1st of June, 1857, Parish assigned the Sweet mortgage to Asa Fuller, in payment of a preëxisting debt, and, at the same time, transferred to him the possession of the premises. The assignment was acknowledged and recorded on the 24th of July, 1857. At the time of taking the assignment, Fuller knew of the existence of the Newton mortgage.

After Asa Fuller went into possession, and on the 16th of September, 1857, he took from Daniel Fuller a quitclaim deed of the premises, ante-dated the 1st of June, 1857, acknowledged on the day he received it, and recorded the 22d of March, 1858.

On the 7th of January, 1859, the premises being in possession of the defendant, the plaintiffs demanded possession, which was refused, and on the 13th January, 1859, Asa Fuller conveyed the premises to the defendant.

This suit was commenced in May, 1859. The jury, under the direction of the judge, rendered a verdict for the plaintiffs, subject to the opinion of the court at General Term. The General Term ordered judgment for the defendant, and the plaintiffs now appeal to this court.

*Chauncey Tucker*, for the appellants.

*George Barker*, for the respondent.

SMITH, J. The defendant is entitled to judgment, on the strength of his legal title derived from Daniel Fuller, unless he is estopped, as the plaintiffs claim, from setting up such title in this action.

Upon that point, the plaintiffs argue that, as Parish, having represented to Newton, when he executed to him the mortgage upon the premises in dispute, that he owned such premises in fee, was estopped, as against Newton, from denying that he owned the fee, and that it was covered by the mortgage, it follows, that the defendant, being the vendee of Asa Fuller, who entered into possession of the premises under Parish, is equally bound by such estoppel, as against

the plaintiffs, who, having purchased at the foreclosure sale, have succeeded to all the rights of Newton, as mortgagee. This argument would be unanswerable, if the defendant and his grantor, Asa Fuller, had no other title to the premises, than that which the latter derived from Parish.

But that is not the defendant's position. All that Asa Fuller acquired from Parish was an assignment of the Sweet mortgage, and the possession of the premises. His rights, as such assignee, while he held possession under the mortgage alone, were undoubtedly subject to the equities of Newton. But he subsequently bought in the equity of redemption, as he had a perfect right to do. The effect of such purchase was to merge in the fee his rights as mortgagee, and from that time he held possession as the owner of the legal title, which, while it was in the hands of his vendor, Daniel Fuller, was not affected by the rights and equities of Newton, and so continued after Asa Fuller acquired it, and after he transferred it to the defendant.

It is further claimed, however, by the plaintiffs, that Parish, when he put Asa Fuller in possession, was, in legal effect, the owner in fee of the land; that, as he had then been in possession, as mortgagee, ten years and more, after the mortgage debt became due, the equity of redemption was barred by the statute of limitations, and Parish, therefore, had a title that could not be defeated by redemption, and was perfect as against Daniel Fuller; and that such title passed under the Newton mortgage to the plaintiffs by their purchase at the foreclosure sale.

In order to test that position, it is proper to regard the plaintiffs as having acquired the right of Parish, as assignee of the Sweet mortgage, before he assigned it to Asa Fuller; which is the most favorable aspect for the plaintiffs in which the case can be viewed. If, in such case, they were now in possession, and the defendant, being the owner of the equity of redemption, were seeking to redeem, he would, apparently, be barred by the statute; or, if he sought to recover possession, they could defend, as mortgagees in possession after forfeiture. But, although the plaintiffs, if in possession, might

defend as mortgagees, they cannot, on that ground, recover possession; their only remedy is by foreclosure and sale. On the other hand, although the defendant would be barred by the statute if he should bring an action to redeem, he is under no necessity of resorting to that remedy, and his inability to avail himself of it, if he should attempt it, does not affect his legal right to retain the possession. The statute cuts off the particular remedy merely.

In any view of the case, the defendant's possession, fortified as it is by the legal title, cannot be disturbed in this action.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.